UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S., a minor, by and through his mother and natural guardian, SAMANTHA PARDE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  3:17-cv-02418-BTM-KSC<br><br>**ORDER SEALING PETITION FOR APPROVAL OF A MINOR'S COMPROMISE AND RELATED EXHIBITS**<br><br>**[Doc. No. 80]** |

    Before the Court is plaintiff's Unopposed Motion for a Court Order Sealing the Record for a Minor's Compromise.  Doc. No. 80.  The Court will construe this as a Motion to Seal the documents conditionally lodged under seal at Docket Number 82, which consist of the parties' Joint Petition and Stipulation for Approval of Minor's Compromise and Release of Claims and supporting exhibits (collectively, the "lodged documents").  Having reviewed the documents, and for the following reasons, the Court **GRANTS** the Motion to Seal.

    The Ninth Circuit recognizes the public's "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v.*

*City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (citations omitted). However, the "strong presumption" of public access can be overcome where a litigant's competing privacy interests create "compelling reasons" to keep information from public view.  *Id.* at 1178-79.

Here, the lodged documents are replete with sensitive information that plaintiff is entitled to keep private. The lodged documents describe in detail plaintiff's injuries, past medical treatment and expected future care.  Such personal and family matters tip the balance in favor of sealing.  *See Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016).  The lodged documents also specify the amount of the settlement and other "personal financial information" of the type that is "universally presumed to be private, not public." *Sec. Exch. Comm'n v. Total Wealth Mgmt., Inc.*, No. 15-cv-0226-BAS-DHB, 2017 WL 42689, at *2 (S.D. Cal. Jan. 30, 2017) (collecting cases) (citations omitted).  The Court further finds that there is enough identifying information in the lodged documents that simply using plaintiff's initials will not adequately protect his privacy.  *See McMillan v. Chaker*, No. 16cv2186-WQH-MDD, 2017 WL 4417686, at *2 (S.D. Cal. Oct. 2, 2017) (sealing documents where identifying information "could become a vehicle for improper purposes").  Thus, the Court finds that plaintiff's privacy interest outweighs the public's right to access and inspect the lodged documents.

Accordingly, the Court **GRANTS** the Motion to Seal.  The Clerk of Court is directed to file the documents lodged at Docket Number 82 under seal in their entirety.[1]

**IT IS SO ORDERED.**

Dated:  October 23, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

---

[1] The Court finds plaintiff's request to seal "any Order of Approval" regarding the minor's compromise is premature, but will assess the need to seal its Order at the appropriate time.  Doc. No. 80 at 3.