UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S., a minor, by and through his mother and natural guardian, SAMANTHA PARDE,<br><br>                        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 10, inclusive,<br><br>                        Defendants. | Case No.: 3:17-cv-02418-BTM-KSC<br><br>**ORDER APPROVING MINOR'S COMPROMISE**<br><br>**[Doc. No. 86]** |

Before the Court is the parties' Amended Joint Petition and Stipulation for Approval of Minor's Compromise and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Petition" or "Pet."). Doc. No. 86. Attached as exhibits to the Petition are the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (the "Stipulation") and the Irrevocable Reversionary *Inter Vivos* Grantor Medical Care Trust for the Benefit of [Plaintiff] (the "Reversionary Trust"). *See* Doc. Nos. 86-1, 86-2. Pursuant to Civil Local Rule 17.1(a), the parties seek the Court's approval of a proposed settlement of plaintiff's claims (the "Settlement"). On October 14, 2020, the District Court, Honorable Barry Ted Moskowitz, referred the

Petition to the undersigned. Doc. No. 81. Having reviewed the Petition and the supporting documents and being fully informed as to their contents, and for the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

### A. Summary of Plaintiff's Claims

On December 6, 2015, plaintiff H.S. ("plaintiff"), then five years old, attended an event at the Kearney Mesa Armory in San Diego for National Guard members and their families. Pet. at 2. During the event, plaintiff fell from a bounce house onto a concrete floor. *Id*. He sustained serious injuries, including a skull fracture, traumatic brain injury, subdural hematoma, and three spinal fractures. *Id.* at 2-3. Due to his injuries, plaintiff required and will continue to require medical care and monitoring, speech therapy, physical therapy, and occupational therapy. *Id.* at 3-4; *see also* Doc. No. 1 at 7, 12, 14.

### B. Procedural History

On December 1, 2017, plaintiff, through his mother and guardian *ad litem*, filed suit under the Federal Tort Claims Act ("FTCA") against the United States ("defendant"). *See generally id.* Plaintiff stated a cause of action for premises liability against defendant. *Id.* at 14. In May 2019, the parties each filed for summary judgment. *See* Doc. Nos. 44, 45. In August 2019, the District Court denied both motions. *See* Doc. No. 57. A final pretrial conference was set for July 15, 2020. Doc. No. 60.

On October 30, 2019, plaintiff filed an amended complaint, adding a claim for negligence against defendant. Doc. No. 66. On March 5, 2020, the parties advised the Court that they had scheduled a private mediation and requested that the pretrial schedule be continued. Doc. No. 72. Thereafter, the parties advised the Court that the matter had settled during the mediation. *See* Doc. Nos. 76, 79. The parties' Petition followed.[1]

---

[1] The parties initially filed the Petition under seal. *See* Doc. Nos. 82, 84. However, upon review of the parties' papers, it appeared that an express term of the parties' agreement is that the Settlement shall be public. Doc. No. 86-1 at 18. During conferral with counsel, the Court identified other minor discrepancies

## II. LEGAL STANDARDS

District Courts have a duty to safeguard the interests of minors in litigation. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see also* Fed. R. Civ. P. 17(c) (requiring district courts to "appoint a guardian *ad litem*…to protect a minor or incompetent person who is unrepresented in an action"). Where the parties settle an action involving a minor litigant, the Court must "'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* CivLR 17.1(a) (providing that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."). The Court must conduct this inquiry "even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363.

In the Ninth Circuit, courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Courts should also "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

---

in the parties' moving papers. On December 3, 2020, the parties filed an amended Petition to correct these issues. Doc. No. 86. The publicly-filed, amended Petition supersedes the initial, under-seal filing.

The *Robidoux* court limited its decision to "cases involving the settlement of a minor's *federal* claims." *Id.* at 1181 (emphasis added). Because FTCA claims are governed by substantive state law, approval of their settlement may be governed by state law rather than limited by *Robidoux*. *See A.M.L. v. Cernaianu*, No. LA-CV12-06082-JAK-RZx, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). Under California state law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor, with "broad power" "to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *See Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619–20, 79 Cal.Rptr.3d 517 (2008); *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382, 28 Cal.Rptr.2d 613 (1994).

In this case, however, the Court need not decide whether *Robidoux* or state rules apply, because the outcome under either is the same. *See A.M.L.*, 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise in a case involving state tort law claims under the FTCA, where the proposed settlement would satisfy both standards); *see also R.N. v. United States*, No. 17cv1583-L-BGS, 2019 WL 6724338, at *2 n.2 (S.D. Cal. Dec. 11, 2019) (same); *Estate of Alvarado v. Tackett*, No. 13cv1202-LL, 2019 WL 4573714, at *3 (S.D. Cal. Sept. 20, 2019) (same).

### III.   DISCUSSION

**A. The Proposed Settlement**

The complete and precise terms and conditions of the Settlement are set forth in the Petition, and the Stipulation and Reversionary Trust, both of which were attached to the Petition. *See* Doc. Nos. 86-1 and 86-2. In summary, plaintiff agrees to release his claims against defendant in exchange for gross consideration of $3,000,000.00, the entirety of which is for the benefit of plaintiff. Pet. at 4, 5. The gross settlement amount will be allocated as follows:

/ /

| Payee or Instrument | Amount | Use of Funds |
|---|---|---|
| Annuity Contract | $1,250,000 | Yearly payments of $25,000 to plaintiff beginning on 5/18/2029 and continuing for five years certain |
| | | Monthly payments of $4,110 to plaintiff beginning on 5/18/2033 and continuing for plaintiff's life and for 35 years certain |
| Campbell, Yost, Clare and Norell, P.C. Trust Account | $1,150,000 | Payment of attorneys' fees and costs in total amount of $854,098.48 |
| | | $290,000 to be placed in a settlement trust for plaintiff to provide for his needs on a flexible basis |
| Irrevocable Reversionary Medical Care Trust | $300,000 | Medical care and related expenses |
| Installment Refund Annuity | $300,000 | Medical care and related expenses |
| **TOTAL** | **$3,000,000** | |

*See id.* at 4-6; *see also* Doc. Nos. 86-1 and 86-2. After deducting counsel's fees and expenses (addressed below), plaintiff's net recovery is $2,145,901.52.

This action was commenced in 2017, and the parties' claims and defenses have been thoroughly investigated and developed through the course of the litigation. The Settlement was reached as the parties prepared for trial, after the conclusion of discovery and unsuccessful attempts at summary judgment by both sides, and through arms-length negotiations facilitated by a private mediator. The Settlement avoids the risks and expenses of a jury trial, compensates plaintiff for his past injuries and anticipated future needs, and is structured to provide both flexibility and certainty going forward. Furthermore, although

the parties do not identify any other cases involving circumstances similar to those alleged in plaintiff's complaint, the Court has independently surveyed recent settlements in California and the Ninth Circuit in cases involving minors who suffered traumatic brain injuries and/or spinal fractures due to negligence or allegedly dangerous conditions, and finds the Settlement to be within the average amount recovered.[2]  Accordingly, upon consideration of the facts of the case, plaintiff's claims, and recoveries in similar actions, the Court concludes that the Settlement is fair and reasonable, and in plaintiff's best interest.

**B. Attorneys' Fees and Litigation Costs**

In addition to assessing whether the Settlement is fair and reasonable, the Court must also approve the attorney's fees and costs to be paid for representation of a minor.  *See* Cal. Prob. Code. § 2601.  Where counsel represents a minor on a contingency fee basis, attorneys' fees are generally limited to 25% of the gross recovery.  *See Doe v. Lincoln Military Property Mgmt. LP*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5810168, at *3 (S.D. Cal. Sept. 30, 2020).  And, as the parties correctly note, counsel's fees are "capped" at 25% of the settlement amount under the FTCA.  Pet. at 4; *accord* 28 U.S.C. § 2678.

Plaintiff's counsel request $750,000 in fees – exactly 25% of the gross settlement amount.  Pet. at 4.  In assessing whether this fee is reasonable, the Court may consider, *inter alia*, the time and labor expended, the results obtained, counsel's skill and the value of counsel's services, and any applicable statutory requirements.  *See* Cal. R. Ct. 7.955.  Here, the litigation has been pending for nearly three years, during which plaintiff's counsel – experienced personal injury lawyers – completed extensive fact and expert discovery, pursued and resisted summary judgment, and prepared the case for trial.  The requested

---

[2] *See, e.g., Y.L. v. Pepsico, Inc.*, 2018 WL 4096620 (Cal. Sup. Ct. 2018) ($2.4 million); *J.M.M. v. Cty. of Los Angeles*, 2017 WL 6496962 (C.D.Cal. 2017) ($3.9 million); *A.P. v. Nitto Tire U.S.A., Inc.*, 2016 WL 891441 (Cal. Sup. Ct. 2016) ($3.4 million); *Owen v. City and Cty. of San Francisco*, 2016 WL 4494669 (Cal. Sup. Ct. 2016) ($2.25 million); *S.M. v. Archdiocese of Los Angeles*, 2015 WL 4736266 (Cal. Sup. Ct. 2015) ($2.605 million).

fees are permitted under the FTCA. 28 U.S.C. § 2678. The Court also notes that counsel's fee request is a term of the Settlement, indicating plaintiff's consent to the requested fee. *See* Cal. R. Ct. 7.955 (identifying client's consent to fee as one factor for the Court's consideration). The Court finds that under these circumstances, the requested attorneys' fees are fair and reasonable.

Plaintiff's counsel also seeks reimbursement of $104,098.48 for costs incurred in the litigation. These costs include, *inter alia*, legal research expenses, expert witness fees, court fees, and payments made for court reporting services. Pet. at 4-5. Again, considering the history of the litigation and the significant discovery and motion practice by the parties, the Court finds that the costs incurred by plaintiff's counsel are reasonable and fair under the circumstances. *See Hernandez v. United States*, No. 3:19-cv-1457-AHG, 2020 WL 6044079, at *5 (S.D. Cal. Oct. 13, 2020) (finding expenses reasonable where parties settled three months before the pretrial conference and after seven months of discovery).

## ORDER

For the foregoing reasons, and being fully informed of the specifics of the full and final terms and conditions of the Settlement, including the necessity of the approval by the Attorney General of the United States and that the payment of the settlement is subject to funding pursuant to 42 U.S.C. § 233(k), the Court finds that the proposed Settlement (including the complete release of all claims by plaintiff against the United States, the United States Army, and the National Guard) is fair and reasonable and in plaintiff's best interests, and accordingly **GRANTS** the Petition. The Court further **ORDERS** as follows:

1. The Court approves the Settlement and all its terms and conditions, the complete and precise terms of which are set forth in the Stipulation for Minor's Compromise and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Stipulation") and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of [Plaintiff], a minor (the "Reversionary Trust"), attached as Exhibits A and B to the Petition (*see* Doc. Nos. 86-1 and 86-2); and

2. Pursuant to the Stipulation, defendant shall pay $3,000,000.00 (the "Settlement Amount") in exchange for the full release of all claims arising from the subject matter of this action, which amount shall be deposited and distributed according to the terms and conditions of the Stipulation; and

3. Plaintiff's counsel's request for attorneys' fees not to exceed $750,000 and reasonable costs of $104,098.48, to be paid from the Settlement Amount in accordance with the terms of the Stipulation, is GRANTED; and

4. Samantha Parde, as plaintiff's guardian *ad litem* and on his behalf, is authorized and required to execute the Stipulation, the Reversionary Trust, and any other documents that are necessary to consummate the Settlement, and to provide any information and documentation necessary for the purchase of annuity contracts and the establishment of the Reversionary Trust; and

5. Upon final execution of the Stipulation and the Reversionary Trust and pursuant to the terms and conditions set forth therein, and no later than **March 4, 2021**, the parties shall file a joint motion to dismiss this Action with prejudice; and

6. Counsel for the parties are hereby ordered to attend a telephonic Settlement Disposition Conference on **March 5, 2021** at **9:30 a.m.** Counsel shall call the Court's conference line (1-877-873-8017) and dial access code 2924630 to join the conference. If the parties' Joint motion for dismissal with prejudice is filed by March 4, 2021, the Court will take the Settlement Disposition Conference off calendar.

**IT IS SO ORDERED.**

Dated: December 4, 2020

Hon. Karen S. Crawford
United States Magistrate Judge